UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANIBAL S. MAYOR,

       Petitioner,

v.                                      Case No:  2:16-cv-490-FtM-99CM

FLORIDA ATTORNEY GENERAL
and SECRETARY, DOC,

       Respondents.[1]

_____/

**OPINION AND ORDER**[2]

    This matter comes before the Court on Anibal S. Mayor's Petition for Habeas

Corpus Relief Pursuant to 28 U.S.C. § 2254 (Doc. 1), filed on July 22, 2016.   The

Respondent, Secretary of the Department of Corrections, filed a Limited Response in

Opposition (Doc. 13) on January 20, 2017.   Mayor was directed by Court Order (Doc. 14)

to file a reply brief on or before March 3, 2017.   No reply has been filed.   For the following

reasons, Mayor's Petition is dismissed with prejudice as untimely.

---

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla,* 542 U.S. 426, 436 (2004) (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections.   Therefore, the Florida Attorney General will be dismissed from this action.

[2] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.   These hyperlinks are provided only for users' convenience.   Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.   By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

On August 14, 2008, a grand jury for the Circuit Court of the Twentieth Judicial Circuit in and for Lee County Florida indicted Mayor for first-degree murder, a capital felony, and robbery with a deadly weapon a first-degree felony punishable by life (Ex. 001). On motion of defense counsel, the court appointed experts to evaluate Mayor for competency to stand trial and with regard to his sanity at the time of the offense. (Ex. 002, 2a). After the evaluations (Ex. 003), Mayor was deemed competent to stand trial. (Ex. 3a, 3b). In June 2010, Mayor's three-day jury trial took place, and he was found guilty as charged in the Indictment (Ex. 3c).

Before sentencing, Mayor filed a motion for new trial, alleging newly discovered evidence. On September 14, 2010, a hearing was held on the motion to re-open. (Ex. 5a). After hearing testimony from two witnesses, the trial court denied Mayor's motion to re-open the case finding that the witnesses lacked credibility. (Ex. 5a). Mayor was sentenced to life imprisonment and timely filed a notice of appeal. (Ex. 5a). Judgment was entered on September 24, 2010. (Ex. 6, at 1).

On September 28, 2012, the Second District Court of Appeals *per curiam* affirmed the trial court's judgment and sentence. *Mayor v. State*, So 3d 417 (Table) (Fla. 2d DCA 2012). Mayor then filed a *pro se* motion for extension of time to file a motion for rehearing (Ex. 11), but that motion was stricken by the court, as Mayor remained represented by appellate counsel (Ex. 12). Mayor's counsel then filed a motion for rehearing and requesting a written opinion (Ex. 13), which the state appellate court denied on November 26, 2012. (Ex. 14). The appeals court issued mandate on December 26, 2012. (Ex. 15).

On August 8, 2013, Mayor filed a *pro se* motion to vacate and set aside his judgments of conviction and sentences pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  Mayor asserted four grounds for relief: (1) counsel failed to investigate and call to testify at trial multiple witnesses favorable to his defense; (2) counsel failed to object and move for a mistrial when the government impermissibly argued facts not in evidence during closing argument; (3) counsel failed to ensure that the Defendant was evaluated for competence to proceed to trial under the correct Florida Statute; and (4) cumulative errors of counsel were sufficient to undermine confidence in the outcome of the trial.  (Ex. 16, at 16-17).  The State issued a response on November 27, 2013.  Mayor did not file a reply brief with the post-conviction court.  On April 10, 2014, the post-conviction court denied each of Mayor's claims.  The Second District Court of Appeals affirmed the post-conviction court's denial on April 15, 2015.  The Second District Court of Appeals issued mandate on May 11, 2015.  (Ex. 21).

Mayor signed the instant Petition and provided it to prison officials for mailing on June 17, 2016.  The Petition was docketed with this Court on June 22, 2016.  The Respondent filed a response on January 20, 2017.  Three days later, this Court issued an Order (Doc. 14) directing Mayor to file his reply to the response by March 3, 2017.  In that Order, the Court cautioned Mayor that his Petition could be dismissed without further notice should he fail to file a response.

## DISCUSSION

Respondent argues that Mayor's Petition should be dismissed as untimely filed.  Mayor filed no response and the time to do so has expired.  Mayor's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996).  The AEDPA created a limitation period for petitions for writ

of habeas corpus filed pursuant to 28 U.S.C. § 2254.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  *Hawks v. Sec'y, De't of Corr.*, No. 8:13-CV-2505-T-30AEP, 2014 WL 445991, at *1 (M.D. Fla. Feb. 4, 2014).  "The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  *Id.* § 2244(d)(2).

On November 26, 2012, the appeal court denied Mayor's motion for rehearing on direct appeal.  Thus, Mayor's conviction became final on February 25, 2013, after the ninety-day period for petitioning for certiorari review expired.  *See Butler v. Sec'y, Florida Dep't of Corr.*, 621 F. App'x 604, 606 (11th Cir. 2015), *cert. denied sub nom. Butler v. Jones*, 137 S. Ct. 142 (2016) (holding that "Sup. Ct. R. 13.3 provides that this period runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. . . . But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing . . .")).

Here, 164 days passed that were not tolled from the February 25, 2013 final conviction date to the time Mayor filed his Rule 3.850 post-conviction motion, on August 8, 2013.  Once his Rule 3.850 post-conviction motion was filed, the time to file his habeas petition in federal court was then tolled.  Mayor's post-conviction Rule 3.850 motion was

denied by the post-conviction court.  Mayor appealed the denial.  The appeals court affirmed the post-conviction court's denial of his Rule 3.850 motion and issued mandate on May 11, 2015.  After the May 11, 2015 mandate was issued, Mayor had 201 days with which to file his habeas petition in federal court.  However, another 404 days passed before Mayor signed the instant Petition for habeas corpus relief and turned it over to prison officials to mail on June 17, 2016.  *See Edison v. Sec'y, DOC*, No. 206-CV-440-FTM-29SPC, 2009 WL 1684483, at *2 (M.D. Fla. June 16, 2009) (holding that a *pro se* petitioner's collateral action is deemed filed in federal court on the date it is signed and delivered to prison officials for mailing).  Based upon the time frame in the record before the Court, Mayor's Petition for habeas corpus relief was filed 203 days after § 2254's one year limitation period had expired.  Accordingly, Mayor's Petition for habeas corpus relief is untimely and due to be denied.

Section 2254 permits equitable tolling of the limitations period when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.  *Diaz v. Sec'y Dep't. of Corr.*, 362 F. 3d 698, 702 (11th Cir. 2004).  However, Mayor is not entitled to equitable tolling of the limitations period, because he has not shown, nor even attempted to show, that an extraordinary circumstance beyond his control prevented him from timely exercising his right to file his Petition.

Accordingly, it is now **ORDERED:**

(1) The Attorney General of the State of Florida is **DISMISSED** from this case.

(2) Anibal S. Mayor's Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED as untimely with prejudice**.

(3) The Clerk of the Court is **DIRECTED** to enter judgment accordingly, terminate all pending motions, and close the file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO FILE APPEAL
### *IN FORMA PAUPERIS*

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 184 (2009).  "A COA "May issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further",  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of March, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Anibal S. Mayor
           Asst. Attorney General, Tonja Vickers Rook
           FtMP2